**Ngotuli Jennifer MBU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–3910–ag.

United States Court of Appeals, Second Circuit.

April 25, 2007.

James E. Swaine, New Haven, CT, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois; Edmond E. Chang, Assistant United States Attorney, Chief of Appeals, Criminal Division; Lela D. Johnson, Craig A. Oswald, Assistant United States Attorneys, Chicago, IL, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI and Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Ngotuli Jennifer Mbu, a native and citizen of the Democratic Republic of Congo, seeks review of a July 1, 2005 order of the BIA affirming the February

26, 2004 decision of Immigration Judge ("IJ") Michael W. Straus denying Mbu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ngotuli Jennifer Mbu*, No. A97 479 944 (B.I.A. July 1, 2005), *aff'g* No. A97 479 944 (Immig.Ct.Hartford, Feb. 26, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). But we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law, including "what evidence will suffice to sustain any applicant's burden of proof." *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005) (quoting *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 146 n. 2 (2d Cir.2003)). When the agency has failed to apply the law correctly, "we retain substantial authority to vacate [Board] ... decisions and remand for reconsideration or rehearing." *Ivanishvili v. United States DOJ*, 433 F.3d 332, 337 (2d Cir.2006).

The IJ stated that his adverse credibility determination was "[b]ased on the discrepancy [concerning] the arrest warrant, as well as the lack of corroboration concerning the article and the arrest of" Mbu's newspaper editor. [SPA 18]. Relying on this documentary evaluation, the IJ found that Mbu "has not submitted sufficient credible evidence to meet her burden of proof. While there may have been some traumatic incident that occurred to [Mbu], the Court is not convinced that it was specifically related to a protected ground. Therefore the Court finds [Mbu] has failed to meet her burden of proof." *Id.*

The IJ failed to address whether he found Mbu's claim that she was repeatedly raped and beaten by soldiers of the Democratic Republic of Congo to be credible. The IJ's stated adverse credibility determination caused him to doubt the documents which Mbu submitted or claimed to exist. This was proper under *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007). But it is unclear from the decision whether the IJ, though not believing the documents, may nonetheless have found plausible Mbu's testimony of being raped and beaten. It may be that he disbelieved the occurrence of the detention in which Mbu was allegedly raped and beaten and, hence, disbelieved that she suffered this violence. It is, however, also possible that he believed that Mbu was detained, raped, and beaten, but that he did not find that her treatment qualified as a protected ground. The latter on this record would likely be erroneous. Accordingly, we remand so that the basis of the decision may be clarified.

Because Mbu does not now specifically challenge the IJ's denial of her withholding of removal and CAT claims, accordingly we will not consider them. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 546 n. 7 (2d Cir.2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs ... normally will not be addressed on appeal").

For the foregoing reasons, the petition for review is GRANTED, the Board's decision is VACATED, and the case is RE-

MANDED for further proceedings consistent with this order. Having completed our review, any pending motion for a stay of removal is DENIED as moot.